# EXHIBIT A

| | |
|---|---|
| **HAINES LAW GROUP, APC**<br>Paul K. Haines (SBN 248226)<br>phaines@haineslawgroup.com<br>Fletcher W. Schmidt (SBN 286462)<br>fschmidt@haineslawgroup.com<br>Andrew J. Rowbotham (SBN 301367)<br>arowbotham@haineslawgroup.com<br>Stephanie A. Kierig (SBN 312294)<br>skierig@haineslawgroup.com<br>2274 East Maple Avenue<br>El Segundo, California 90245<br>Tel: (424) 292-2350<br>Fax: (424) 292-2355<br><br>Attorneys for Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**07/03/2017** at 12:21:58 PM<br><br>Clerk of the Superior Court<br>By Laura Welles, Deputy Clerk |

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| ANGELA OSTENDORF, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SCIENCE APPLICATIONS INTERNATIONAL CORPORATION, a Delaware Corporation; and DOES 1 through 100,<br><br>Defendants. | CASE NO. 37-2017-00024281-CU-OE-CTL<br><br>**CLASS ACTION COMPLAINT:**<br><br>(1) **FAILURE TO PAY ALL OVERTIME WAGES (LABOR CODE §§ 204, 510, 558, 1194, AND 1198);**<br><br>(2) **MEAL PERIOD VIOLATIONS (LABOR CODE §§ 226.7 AND 512);**<br><br>(3) **REST PERIOD VIOLATIONS (LABOR CODE §§ 226.7 AND 516);**<br><br>(4) **WAITING TIME PENALTIES (LABOR CODE §§ 201-203);**<br><br>(5) **UNFAIR COMPETITION (BUS & PROF CODE § 17200,** *et seq.***)**<br><br>**DEMAND FOR JURY TRIAL**<br>**UNLIMITED CIVIL CASE** |

      Plaintiff Angela Ostendorf (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, hereby brings this Class Action Complaint against Science Applications International Corporation, a Delaware Corporation, and Does 1 through 100, inclusive (collectively "Defendants"), and on information and belief alleges as follows:

## JURISDICTION

1. Plaintiff, on behalf of herself and all others similarly situated, hereby brings this class and representative action for recovery of unpaid wages and penalties under California Labor Code §§ 201-204, 226, 226.7, 510, 512, 516, 558, 1194, and 1198, California Business and Professions Code § 17200, *et. seq.*, and Industrial Welfare Commission Wage Order No. 4 ("Wage Order 4"), in addition to seeking declaratory relief and restitution. This class action is brought pursuant to California Code of Civil Procedure § 382. This Court has jurisdiction over Defendants' violations of the California Labor Code because the amount in controversy exceeds this Court's jurisdictional minimum.

## VENUE

2. Venue is proper in this judicial district pursuant to California Code of Civil Procedure §§ 395(a) and 395.5, as at least some of the acts and omissions complained of herein occurred in the County of San Diego. Defendants own, maintain offices, transact business, have an agent or agents within the County of San Diego, and/or otherwise are found within the County of San Diego, and Defendants are within the jurisdiction of this Court for purposes of service of process.

## PARTIES

3. Plaintiff is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was and currently is, a California resident, residing in the County of San Diego. During the four years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to each cause of action pled herein, Plaintiff was employed by Defendants as a non-exempt employee. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein, lost money and/or property, and has been deprived of the rights guaranteed by California Labor Code §§ 201-204, 226, 226.7, 510,

512, 516, 558, 1194, and 1198, California Business and Professions Code § 17200, *et seq.* (Unfair Competition), and Wage Order 4, which sets employment standards for professional occupations.

4. Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and do) business by providing government services and information technology support throughout the country. Plaintiff is informed and believes, and based thereon alleges, that Defendants employed Plaintiff and other similarly situated non-exempt employees within San Diego County and the State of California and, therefore, were (and are) doing business in San Diego County and the State of California.

5. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 through 100, and for that reason, said defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed and believes, and based thereon alleges, that each of said fictitious defendants, whether individual, partner, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes (as defined in Paragraph 14) to be subject to the unlawful employment practices, wrongs, injuries, and damages complained of herein.

6. Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, Defendants were and are the employers of Plaintiff and all members of the Classes.

7. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every

one of the acts or omissions complained of herein.

8. At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all Class Members (as defined in Paragraph 14).

## GENERAL FACTUAL ALLEGATIONS

9. Plaintiff worked for Defendants as a Marine Mammal Assistant Trainer from approximately January 7, 2013 until approximately September 14, 2014, when she went on a leave of absence. Upon information and belief, Plaintiff was terminated while on a leave of absence.

10. During Plaintiff's employment with Defendants, Plaintiff regularly worked in excess of 8 hours per workday and/or 40 hours per workweek, but was not paid for all overtime hours worked due to Defendants' policy and/or practice of routinely not paying for daily overtime hours when Plaintiff and other non-exempt employees worked in excess of 8 hours in a workday. Specifically, instead of paying daily overtime if Plaintiff worked over 8 hours in a workday, Defendants had a practice of shifting daily overtime hours to another day in the workweek where Plaintiff did not work or worked less than 8 hours; alternatively, Defendants would sometimes Plaintiff time off later in the week and would shift her hours to the day off when Plaintiff was not working. By way of example if Plaintiff worked Monday through Friday and worked 14 hours on Monday, Defendants may give Plaintiff Friday off and shift 6 of the hours that she worked on Monday to Friday, making it appear as though she had worked only 8 hours on Monday and 6 hours on Friday, in order to sidestep their overtime obligations. Alternatively, if Plaintiff worked less than 8 hours on Tuesday through Friday, Defendants would shift some of Plaintiff's hours from Monday to these other days in order to reduce their overtime obligations. As a result of this unlawful practice, Defendants failed to pay Plaintiff and other non-exempt employees the correct rate of pay for all overtime and double-time hours worked. Plaintiff contends that the timecards she filled out (if unaltered by Defendants) will

reflect this practice of unlawfully redistributing her hours as described above.

11. In addition, throughout Plaintiff's employment with Defendants, Defendants failed to provide Plaintiff and other non-exempt employees with all statutorily mandated duty-free meal periods due to Defendants' meal period policies/practices, which do not provide for duty-free meal periods. Specifically, Defendants did not schedule meal periods and required Plaintiff to work through her meal periods, and therefore, Plaintiff and other non-exempt employees were not provided all meal periods to which they were legally entitled. Moreover, Defendants required Plaintiff to include language on her timesheets indicating that she voluntarily waived her meal periods due to project needs when, in fact, these meal period waivers were not voluntary, but were required. Nor was it possible for Defendants to provide duty-free meal periods as a practical matter, due to Plaintiff's job duties. In those instances where Defendants failed to provide Plaintiff and putative class members with a legally compliant meal period, Defendants did not pay Plaintiff the meal period premiums required by Labor Code § 226.7. Upon information and belief, Defendants maintained no payroll code or other mechanism for paying meal period premiums when Defendants failed to provide a legally compliant meal period.

12. Similarly, Defendants failed to authorize and permit Plaintiff and other non-exempt employees to take all rest periods to which they were legally entitled. During Plaintiff's employment with Defendants, Plaintiff regularly worked shifts in excess of 3.5 hours, but was not authorized and permitted to take any rest periods due to Defendants' uniform and unlawful practices that fail to provide for duty-free rest periods. Upon information and belief, Defendants did not schedule rest periods, or otherwise have any policy or practice for ensuring that non-exempt employees were authorized and permitted to take rest periods. Nor was it possible for Defendants to authorize and permit duty-free rest periods as a practical matter, due to Plaintiff's job duties. Despite these facts, Defendants did not provide Plaintiff with an hour of pay at her regular rate for each rest period violation as required by Labor Code § 226.7. Upon information and belief, Defendants maintained no payroll code or other mechanism for paying rest period premiums when Defendants failed to authorize and permit their non-exempt

employees to take all legally compliant rest periods.

13. As a result of Defendants' failure to pay all overtime wages, as well as meal and rest period premium wages, Defendants maintained inaccurate payroll records, and did not pay Plaintiff all wages owed at the time of her separation from employment with Defendants.

## CLASS ACTION ALLEGATIONS

14. Class Definitions: Plaintiff brings this action on behalf of herself and the following Classes pursuant to Section 382 of the Code of Civil Procedure:

   a. The <u>Overtime Class</u> consists of all of Defendants' current and former non-exempt employees who work in the Marine Mammal Program and worked in excess of 8 hours per workday and/or 40 hours per workweek, and who were subject to Defendants' timekeeping practices, during the four years immediately preceding the filing of the Complaint through the present.

   b. The <u>Meal Period Class</u> consists of all of Defendants' current and former non-exempt employees who work in the Marine Mammal Program and worked at least one shift in excess of 5.0 hours without a recorded 30-minute meal period beginning prior to the end of the fifth hour of work as reflected from their timekeeping records, during the four years immediately preceding the filing of the Complaint through the present.

   c. The <u>Rest Period Class</u> consists of all of Defendants' current and former non-exempt employees who work in the Marine Mammal Program and worked at least one shift in excess of 3.5 hours, during the four years immediately preceding the filing of the Complaint through the present.

   d. The <u>Waiting Time Class</u> consists of all formerly employed members of the Overtime Class, Meal Period Class, and/or Rest Period Class who separated their employment from Defendants during the three years immediately preceding the filing of the Complaint through the present.

///
///

15. **Numerosity/Ascertainability:** The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the classes and subclasses are unknown to Plaintiff at this time; however, it is estimated that the Classes number greater than one hundred (100) individuals as to each Class. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

16. **Common Questions of Law and Fact Predominate/Well Defined Community of Interest:** There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

    i. Whether Defendants' overtime practices violate the applicable Labor Code provisions, including, but not limited to Sections 510 and 1194 by requiring overtime work and not paying the Overtime Class for said work according to the overtime laws of the State of California;

    ii. Whether Defendants provided legally compliant meal periods to members of the Meal Period Class;

    iii. Whether Defendants authorized and permitted legally compliant rest periods to members of the Rest Period Class; and

    iv. Whether Defendants' policies and/or practices for the timing and amount of payment of final wages to members of the Waiting Time Class at the time of separation from employment were unlawful.

17. **Predominance of Common Questions:** Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as Defendants' timekeeping, and meal and rest period policies/practices. As such, the common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

///

18.     **Typicality:** The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendants as a non-exempt employee in California during the statutes of limitation applicable to each cause of action pled in the Complaint in this action. As alleged herein, Plaintiff, like the members of the Classes, was deprived of all earned overtime wages, was subject to Defendants' uniform meal and rest period policies/practices, and was not paid all wages owed at the time of her separation from employment.

19.     **Adequacy of Representation:** Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the members of the Classes and Plaintiff. Plaintiff's attorneys have prosecuted and defended numerous wage and hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

20.     **Superiority:** The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Class(es) to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or

varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. As such, the Classes identified in Paragraph 14 are maintainable under Section 382 of the Code of Civil Procedure.

## **FIRST CAUSE OF ACTION**

### FAILURE TO PAY ALL OVERTIME WAGES

### (AGAINST ALL DEFENDANTS)

21.   Plaintiff re-alleges and incorporates by reference all previous paragraphs.

22.   This cause of action is brought pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198, which provide that non-exempt employees are entitled to overtime wages for all overtime hours worked, and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

23.   At all times relevant herein, Defendants were required to properly compensate Plaintiff and members of the Overtime Class for all overtime hours worked pursuant to California Labor Code § 1194 and Wage Order 4. Wage Order 4, § 3 requires an employer to pay an employee "one and one-half (1½) times [the] employee's regular rate of pay" for work in excess of 8 hours per work day and/or in excess of 40 hours of work in the workweek. Wage Order 4, § 3 also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of 12 hours each work day and/or for work in excess of 8 hours on the seventh consecutive day of work in the workweek. Defendants caused Plaintiff to work overtime 2125hours, but did not compensate Plaintiff or members of the Overtime Class at one and one-half times their regular rate of pay for such hours. Defendants also caused Plaintiff to work double-time hours, but did not compensate Plaintiff or members of the Overtime Class at

twice their regular rate of pay for such hours.

24.     The foregoing policies and practices are unlawful and create entitlement to recovery by Plaintiff and the Overtime Class in a civil action for the unpaid amount of overtime premiums owing, including interest thereon, statutory penalties, attorneys' fees, and costs of suit according to California Labor Code §§ 204, 510, 558, 1194, and 1198, Wage Order 4, and Code of Civil Procedure § 1021.5.

## SECOND CAUSE OF ACTION
## MEAL PERIOD VIOLATIONS
## (AGAINST ALL DEFENDANTS)

25.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

26.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed in their affirmative obligation to provide all of their hourly non-exempt employees, including Plaintiff and members of the Meal Period Class, with all required meal periods in accordance with the mandates of the California Labor Code and Wage Order 4, for the reasons set forth in the factual allegations and class definitions sections of this Complaint.

27.     As a result, Defendants are responsible for paying premium compensation for meal period violations, including interest thereon, statutory penalties, and costs of suit pursuant to Wage Order 4, Labor Code §§ 226.7 and 512, and Civil Code §§ 3287(b) and 3289.

## THIRD CAUSE OF ACTION
## REST PERIOD VIOLATIONS
## (AGAINST ALL DEFENDANTS)

28.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

29.     Wage Order 4, § 12 and California Labor Code §§ 226.7 and 516 establish the right of employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

30.     Due to their unlawful rest period policy and practices, Defendants did not authorize and permit members of the Rest Period Class to take all rest periods to which they were legally entitled for the reasons set forth in the factual allegations and class definitions

sections of this Complaint.

31. The foregoing violations create an entitlement to recovery by Plaintiff and members of the Rest Period Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, and costs of suit pursuant to Wage Order 4, California Labor Code §§ 226.7 and 516, and Civil Code §§ 3287(b) and 3289.

## FOURTH CAUSE OF ACTION
## WAITING TIME PENALTIES
## (AGAINST ALL DEFENDANTS)

32. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

33. This cause of action is brought pursuant to Labor Code §§ 201-203, which require an employer to pay all wages earned immediately at the time of termination of employment in the event the employer discharges the employee or the employee provides at least 72 hours of notice of his/her intent to quit. In the event the employee provides less than 72 hours of notice of his/her intent to quit, said employee's wages become due and payable not later than 72 hours upon said employee's last date of employment.

34. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to timely pay Plaintiff and members of the Waiting Time Class all final wages due to them at the time of their separation which include, among other things, underpaid overtime wages and meal and rest period premium wages. Further, Plaintiff is informed and believes, and based thereon alleges, that as a matter of uniform policy and practice, Defendants continue to fail to pay members of the Waiting Time Class all earned wages at the end of employment in a timely manner pursuant to the requirements of Labor Code §§ 201-203. Defendants' failure to pay all wages was willful within the meaning of Labor Code § 203.

35. Defendants' willful failure to timely pay Plaintiff and members of the Waiting Time Class their earned wages upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and members of the Waiting Time Class are entitled to compensation pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

## FIFTH CAUSE OF ACTION

## UNFAIR COMPETITION

## (AGAINST ALL DEFENDANTS)

36. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

37. Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200, *et seq.* by failing to pay Plaintiff and the Classes all overtime wages, meal and rest period premium wages, and paying all wages due at termination of employment.

38. Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff, and continues to deprive members of the Classes, of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

39. Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff for herself, and on behalf of the members of the Classes, seeks full restitution of monies as necessary and according to proof, to restore any and all monies withheld, acquired, and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

40. The acts complained of herein occurred within the four years immediately preceding the filing of the Complaint in this action.

41. Plaintiff was compelled to retain the services of counsel to file this court action to protect her interests and those of the Classes, to obtain restitution and injunctive relief on behalf of Defendants' current hourly non-exempt employees, and to enforce important rights affecting the public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which she is entitled to recover under Code of Civil Procedure § 1021.5.

///

///

///

## PRAYER

WHEREFORE, Plaintiff prays for judgment for herself and for all others on whose behalf this suit is brought against Defendants, as follows:

1. For an order certifying the proposed Classes;
2. For an order appointing Plaintiff as representative of the Classes;
3. For an order appointing counsel for Plaintiff as counsel for the Classes;
4. Upon the First Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198;
5. Upon the Second Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 226.7 and 512;
6. Upon the Third Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 226.7 and 516;
7. Upon the Fourth Cause of Action, for statutory waiting time penalties pursuant to Labor Code §§ 201-203;
8. Upon the Fifth Cause of Action, for restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200, *et seq.*;
9. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;
10. On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 218.5, 226, and 1194, and Code of Civil Procedure § 1021.5; and
11. For such other and further relief the Court may deem just and proper.

Dated: July 3, 2017

Respectfully submitted,
HAINES LAW GROUP, APC

By: *[signature]*
Paul K. Haines
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated: July 3, 2017

Respectfully submitted,
HAINES LAW GROUP, APC

By: /s/ Paul K. Haines

Paul K. Haines
Attorney for Plaintiff